FRANKLIN SPOFFORD *versus* FREDERIC HOBBS, *Adm'r.*

Where a power of attorney has been given, authorizing the conveyance of land, verbal directions from the constituent to the attorney can confer no new authority, nor enlarge that contained in the power of attorney.

A ratification, by the proprietor of land, of an unauthorized conveyance by his attorney, in order to be effectual, must be by an instrument under seal.

In such case, the taking back of a mortgage and notes by the proprietor, without the mortgage referring specifically to the deed of the same premises or containing any thing inconsistent with the attorney's want of authority, cannot be construed as a ratification of the conveyance ; nor does it estop the mortgagee from denying that the title passed to the mortgager, by the attorney's deed.

Where a power of attorney authorized the attorney, to sell certain lands "for the purpose of making actual settlement thereon," and to sign, seal and deliver "legal and sufficient deeds, with the several covenants and a general warranty," to convey such land "in fee simple," *it was held*, that the attorney was clothed with discretion to judge, whether the purchaser intended to purchase for purposes of settlement, and there being no evidence of fraud on the part of the purchaser, or of the attorney, a conveyance made under the power was valid, although it appeared afterwards that the land was not purchased for actual settlement, but on speculation.

Whether such evidence, introduced by the purchaser himself in an action on the covenant, would invalidate the conveyance, *quære.*

COVENANT broken, to recover for breach of the covenants of a deed executed to the plaintiff, by Samuel Lowder as attorney for Benjamin Bussey, the defendant's intestate.   The opinion

of the Court states the facts in evidence and the rulings of WHITMAN, C. J., before whom the action was tried, to which rulings the plaintiff excepted.

*J.* and *M. L. Appleton*, for the plaintiff.

*Hobbs*, for the defendant.

TENNEY, J. — The deed containing the covenants alleged to have been broken, purports to have been executed by Samuel Lowder as the attorney of Benjamin Bussey. The authority of the attorney to execute the deed, was denied on the ground, that the deed was for a purpose not contemplated by the parties to the letter of attorney. The power gives authority to the attorney " in my name and behalf, to bargain and sell to any person or persons, for the purpose of making actual settlements thereon, any lots or tracts of land, not exceeding five hundred acres ;" " and in my name and behalf, to sign, seal and deliver as my deed, legal and sufficient deed and deeds, containing the several covenants, and a general warranty, to convey to such purchaser or purchasers or their heirs or assigns, such lot or tract of land in fee simple ;" " hereby ratifying and confirming all and whatsoever my said attorney shall lawfully do in and about the premises." There was evidence by parol, from witnesses introduced by the plaintiff, that the contract for the purchase of a tract of land embracing that described in the deed introduced, was made by the purchasers with Bussey himself, who gave verbal directions to the attorney to make the conveyance, and that upon its being made accordingly, notes were taken for the consideration, secured by a mortgage of the same land, which mortgage was subsequently discharged, Bussey himself having received the money which was paid upon the notes, and given his receipt therefor on the books of the agency ; that the purchase was made for speculation and not for settlement. The Court who tried the case " ruled, that the action was not maintainable, that Lowder had no authority by the power produced to execute the deed, and that there was no evidence from which a ratification could be legally inferred, so as to make the deed obligatory on Bussey ;" to which rulings exceptions were taken.

The verbal directions from Bussey to Lowder, could confer no power upon the latter to make the conveyance in the name of the former ; and they were equally impotent to increase the authority contained in the power of attorney.

It is insisted, that there was a subsequent ratification of the act of Lowder in giving the deed, by Bussey, which has given to it full and complete effect. A ratification cannot stand on higher ground than an original authority, and must be by an instrument under seal. Story's Agency, sections 49 and 242.

The mortgage is relied upon as a ratification on the ground of estoppel. And if there is any thing therein, which can estop the mortgagee on legal principles from denying the conveyance of the land, the ruling of the Court was erroneous.

" Every estoppel because it concludeth a man to allege the truth, must be certain to every intent, and not be taken by argument or inference. Every estoppel ought to be a precise affirmation of that which maketh the estoppel, and not be spoken impersonally." Co. Litt. 352, b. In *Bowman* v. *Taylor,* 2 Ad. & Ellis, 278, Lord Denman says, " The doctrine of estoppel has been guarded with great strictness, not because the party enforcing it necessarily wishes to exclude the truth, for it is rather to be supposed, that that is true, which the opposite party has already recited under his hand and seal ; but because the estoppel *may* exclude the truth. However, it is right that the construction of that, which is to create the estoppel should be very strict."

The mortgage deed, and the notes referred to therein are all to be regarded as parts of the same mortgage. But neither the deed nor the notes contain any recital of that which was the consideration of the notes, or that the land described in the mortgage was conveyed by the mortgagee to the plaintiffs. There is no certain, direct and precise affirmation of facts, which are absolutely inconsistent with the fact, that Lowder had not legal power to execute the deed in the name of Bussey. For ought which appears in the mortgage deed or the notes, the latter may have been given for a consideration, wholly distinct from the conveyance of the land, and the former may

have been of premises, to the title of which previously, the mortgager was always a stranger.

The design of Bussey to convey his land only to actual settlers is clearly exhibited by the power of attorney. But where proper proof satisfactory to the one, who was to judge of the intention of the purchasers in that particular was afforded, it is equally clear, that the conveyance was to be conclusive. This is manifest from the language of the instrument, as the deeds were to pass a fee simple estate with all the covenants usually contained in warranty deeds, without a provision, that they should contain any thing making them void in any contingency. If he had chosen to have made all conveyances himself without the intervention of an agent, adhering to his intention of giving deeds of land for actual settlement only, his unconditional deeds to such as satisfied him, that they took them for that purpose, would pass the title, though it should afterwards turn out that he was grossly deceived, the purchases having been actually made with a different design. His intention, well understood by his grantees, and their deception in that particular, would not affect the deeds. He having undertaken to judge of the evidence of their purpose, and having acted upon the judgment formed, in making the conveyances, he would be concluded. When he delegated the power to make conveyances to an attorney, with the restriction contained in the instrument, in which he engages to ratify and confirm his legal acts, is it to be supposed, that he did not mean to intrust to his judgment and discretion, the evidence of the intention of those who proposed to be purchasers, and that he should exercise them in the same manner, that the constituent would have exercised his own judgment and discretion, if he had acted in the premises? The intention of purchasers in order to have effect, must have been judged of and determined by some one. No provision having been made for another mode, in which the purpose of the purchasers could be ascertained, previous to the conveyances, the power to perform that duty must have been intended to be conferred upon the attorney. It is manifestly designed, that upon his being satisfied of this intention in the

purchasers, payment being provided for, deeds absolute in their terms and passing a fee simple estate, should be executed and delivered by him in the name of Bussey. This would preclude the owner from opportunity to revise the judgment of the agent, before the title would vest in the grantees.

If the deeds themselves contained recital of the fact, that the purchases were made with the design in the grantees, that actual settlement on the land conveyed, should be made, this fact could not be contradicted by parol, inasmuch as the owner had not retained to himself, after the delivery of the deeds, the power to re-consider this question of intention, in the purchasers. No more could he claim the right that the jury should judge of acts of the agent, which he had made conclusive upon himself.

The letter of attorney is to be considered in connection with the deeds given by the agent, and as making a part of them; it follows, that when such deeds have been delivered, the attorney had determined, that the purchases were made for the object contemplated, as much as if the deeds had contained the express statement thereof. The proof of this is under seal making part of the deeds themselves. It cannot be admitted, Buzzey having acted through the judgment of another with full powers for the purpose, by deeds in all respects like those he would have given, that the title should remain in uncertainty; that the tenure, by which the immediate and subsequent grantees should hold after a quiet possession for a longer or a shorter period, should depend, not upon the intention of the purchasers, found by the one empowered to judge thereof, whose judgment is evidenced by the deeds themselves; but upon the finding of a jury on an issue to be settled by parol evidence of the most uncertain, equivocal and varying character, liable peculiarly to be changed almost daily by the frailty of human memory, death of witnesses and the sinister designs of parties and their agents. The title cannot be thus impeached by the former owner or his representatives, by proof that the object was different. It is not pretended in this case, that fraud was practised by the agent and the grantees to the

injury of Bussey, and it could not be so pretended, for the evidence was plenary, that the contract of sale was made by Bussey himself, and that he gave verbal orders to the attorney to execute and deliver the deed in the name of the owner; and such evidence is admissible on the question of fraud.

The evidence, that the plaintiffs did not intend the land for settlement, but for speculation, and that it was so understood by the attorney, at the time of the execution and delivery of the deed, came from the plaintiff's witnesses; whether in the direct or the cross examination, does not appear from the case. It is difficult to perceive, that the plaintiffs could expect any benefit from this proof; and it was not admissible for the defendants; and it was probably voluntarily stated by the witnesses, or called out on cross examination, when no objection was interposed. We are by no means prepared to say, that if adduced by the plaintiffs by direct inquiry of the witnesses, it could affect the deed of conveyance, but of this we give no opinion. It does not appear, that the ruling of the Judge, " that the power gave no authority to execute the deed," was upon the ground, that proof of the design of the plaintiffs, when they made the purchase, came from them. The ruling was founded upon no such distinction, and we think it was erroneous.          *Exceptions sustained.*